IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02517-CNS-STV

JESSICA ROCKWELL,
CLAUDIA SAMPEDRO,
TARA LEIGH PATRICK a/k/a Carmen Electra,
PAOLA CAÑAS,
ROSA ACOSTA, and
URSULA MAYES,

Plaintiffs,

v.

MAR-LAU ENTERPRISES, INC. d/b/a M.G.M.'S Restaurant & Lounge; and
DOES 1-10,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Rule 55 Motion for Default Judgment Against Defendant Mar-Lau Enterprises, Inc. d/b/a M.G.M.'s Restaurant & Lounge and Memorandum of Law in Support Thereof (ECF No. 19). For the reasons explained below, the Court DENIES the motion.

## I. BACKGROUND[1]

Mar-Lau Enterprises, Inc. ("Defendant Mar-Lau") is a Colorado corporation[2] doing business as a nightclub under the name "M.G.M.'s Restaurant & Lounge" ("M.G.M.") (ECF No. 1, ¶¶ 28, 30, 46). Each of the named plaintiffs (collectively, "Plaintiffs") is a professional model who earns a living by modeling and promoting her image and likeness "to select clients, commercial brands, media and entertainment outlets, as well as relying on reputation and brand for modeling, acting, hosting, and other opportunities" (*id.*, ¶ 38; *see id.*, ¶¶ 35, 63, 74, 85, 96, 107, 118).

At all relevant times, M.G.M. maintained Facebook and Instagram accounts through which it created posts marketing its nightclub business and promoting its upcoming events and parties (ECF No. 1, ¶¶ 31–32). Between 2016 through 2018,[3] M.G.M. published various Facebook and Instagram posts containing images of Plaintiffs, which M.G.M. had intentionally styled or edited to create the impression that Plaintiffs worked at M.G.M., endorsed M.G.M., were affiliated with M.G.M., or would appear at M.G.M. events (*see id.*, ¶¶ 48, 51–53, 65–66, 76–77, 87–88, 98–99, 109–110, 120–121; *see also* ECF No. 1-1 at 1–25). None of the Plaintiffs consented to the use of her respective image or likeness in M.G.M.'s promotional materials, and M.G.M. neither offered

[1] The background facts in this Order are drawn from Plaintiffs' Complaint (ECF No. 1). Because of the Clerk of Court's entry of default (ECF No. 10), the allegations in the complaint are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

[2] The social media accounts to which Plaintiffs direct this Court suggest strongly that M.G.M. has been permanently closed since 2019. Notably, Colorado Secretary of State records reveal that that Defendant Mar-Lau is in "delinquent" status as a corporate entity, not having filed its periodic report since 2021. *See Schendzielos v. Silverman*, 139 F.Supp.3d 1239, 1251 (D. Colo. 2015) (a court may take notice of "facts which are a matter of public record").

[3] The Court notes its concern about the timing of the complaint's filing in relation to M.G.M.'s alleged unauthorized uses of Plaintiffs' images. However, a statute of limitations is an affirmative defense and can be waived; therefore, the Court will not raise the issue sua sponte. *O'Neill v. Cal. Farms, Inc.*, No. 12-cv-00676-WYD-KMT, 2013 WL 5467074, at *12, n.7 (D. Colo. Sept. 30, 2013) (collecting cases).

nor paid remuneration to any of the Plaintiffs when it used the images at issue (*see* ECF No. 1, ¶¶ 68–71, 79–82, 90–93, 101–04, 112–15, 123–26).

Plaintiffs filed this action on September 27, 2022, alleging "false advertising" and "false endorsement" claims under the Lanham Act, 15 U.S.C. § 1125(a); state common law claims of misappropriation of likeness, violation of the right to privacy, and violation of the right of publicity; and a state-law negligence claim.[4] After Defendant Mar-Lau failed to appear or respond to the complaint, Plaintiffs moved for an entry of default, which the Clerk of Court issued on December 9, 2022 (*see* ECF Nos. 9, 10). Plaintiffs then filed the instant motion for default judgment on February 3, 2023 (*see* ECF No. 19).

## II. LEGAL STANDARD AND STANDARD OF REVIEW

The Court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (internal citations omitted). "Strong policies favor resolution of disputes on their merits" and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal citations omitted).

When facing a motion for default judgment, the court must first evaluate and establish its jurisdiction. *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (2010). To enter default judgment, a court must have both personal jurisdiction over each defaulting defendant and subject matter jurisdiction over the action. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

[4] During a hearing on June 8, 2023, the Court rejected Plaintiffs' negligence claim as based on a theory of liability not recognized in Colorado (*see* ECF No. 23).

The second step of the inquiry is to evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted). When deciding on a motion for default judgment, courts accept all well-pleaded factual allegations in the complaint as true. *Olcott*, 372 F.3d at 1125. Undisputed facts alleged in the affidavits or exhibits are also deemed true. *Id.* at 1124.

Allegations regarding the amount of damages, however, are deemed true only to the extent they are "capable of mathematical calculation." *Marcus Food Co. v. Dipanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011); *see Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Where the amount claimed is not "a liquidated sum or one capable of mathematical calculation," a court is required to hold an evidentiary hearing to determine the amount of damages. *Venable v. Haislip*, 621 F.2d 297, 300 (10th Cir. 1983); *see Marcus Food*, 671 F3d at 1171–72 (determining that the damages asserted in the complaint were sufficiently calculable to not require an evidentiary hearing).

## III. ANALYSIS

Having considered Plaintiffs' motion for default judgment and attached exhibits (ECF No. 19) and the complaint (ECF No. 1), the Court denies the default judgment motion for lack of personal jurisdiction.

As noted above, before reaching the merits of Plaintiffs' claims, the Court must satisfy itself that it has both subject matter jurisdiction to decide the claims and personal jurisdiction over

the defendant. *Williams*, 802 F.2d at 1203. In turn, when deciding whether personal jurisdiction exists, the Court must first address the adequacy of service upon the defendant. *See Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F.Supp.3d 1235, 1241 (D. Colo. 2015). Here, the Court is not convinced that Plaintiffs have properly effectuated service on Defendant Mar-Lau; as such, personal jurisdiction over Defendant Mar-Lau has not been obtained.

After this action was first initiated, Plaintiffs filed an affidavit of service in which the process server averred that "Alacelia manager of MGM"s accepted service" of the complaint and summons for Defendant Mar-Lau (ECF No. 8) (error in original). Later during the hearing on June 8, 2023, the Court questioned whether Defendant Mar-Lau had actually been served, noting that on the purported date of service, the address at which the process server had effectuated service appeared to be occupied by a different business wholly unrelated to M.G.M. (*see* ECF No. 23). Counsel for Plaintiffs represented that they would attempt to serve Defendant Mar-Lau again (*see id.*). Later, on July 7, 2023, Plaintiffs filed a second affidavit of service; this time, the process server served the complaint and summons upon "Rosalie Cisneros"—the apparent wife of Defendant Mar-Lau's registered agent, Mark G. Martinez—at Mr. Martinez's residential address (*see* ECF No. 24). As before, Plaintiffs' most recent attempt at service does not suffice to bring Defendant Mar-Lau within the Court's jurisdiction.

Federal Rule of Civil Procedure 4(h)(1) provides that a corporation or business entity may be served in one of two ways: (A) by serving it in the manner prescribed for serving individual persons under Rule 4(e)(1),[5] or (B) by serving "an officer, a managing or general agent, or any

[5] More precisely, Rule 4(e)(1) directs that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The relevant Colorado law, C.R.S. § 7-90-704(2) then provides that if a corporate entity's "*registered agent cannot with reasonable diligence be served*, the entity may be served by registered mail or by certified mail . . . ."

other agent authorized by appointment or by law to receive service of process." Because Plaintiffs have served *the wife of the registered agent of the corporation*, Plaintiffs have improperly conflated these two alternatives—i.e., they reasoned erroneously that Defendant Mar-Lau could be served under Rule 4(h)(1)(B) by serving its registered agent, Mr. Martinez, and then determined that Mr. Martinez, in his capacity as registered agent, could be served as an individual under Rule 4(h)(1)(A) (i.e., by leaving a copy at his usual place of abode with any family member over 18 years old). However, the service upon Mr. Martinez's wife, for Mr. Martinez, for Defendant Mar-Lau is, in essence, service on a purported agent of a purported agent of the defendant corporation. The language of Rule 4 does not permit a corporation to be served through "an agent's agent." *See Colo. Legal Servs. v. Legal Aid Nat. Servs.*, No. 08-cv-00258-MSK-KMT, 2010 WL 1258090, at *2 (D. Colo. Mar. 29, 2010); *see also Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 (3d Cir. 1971) ("There is no provision under [Rule 4] for substituted service on the corporation's representative. Copies of the summons and complaint must be delivered to the officer or agent."); *LaPre v. Nat'l Tax Verification, Inc.*, No. 05-40203-FDS, 2006 WL 8458666, at *4 (D. Mass. Sept. 18, 2006) (same); *Hakkasan LV, LLC v. Adamczyk*, No. 2:14-cv-01717-GMN-NJK, 2017 WL 1549508, at *2 (D. Nev. Apr. 5, 2017) (same); *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *6 (D.N.J. Aug. 12, 2015) (same).

Based on the foregoing, Plaintiffs have failed to demonstrate that service of the complaint and summons upon Defendant Mar-Lau was proper. The Court thus concludes that it has not

---

(emphasis added). Furthermore, if service by mail is ineffective or cannot be accomplished, Colorado Rule of Civil Procedure 4(f) then sets forth the applicable procedure to request substitute service. Here, although the Court does not make a finding one way or another, if Defendant Mar-Lau is evading service, resorting to the procedures set forth in C.R.S. § 7-90-704(2) and/or Colo. R. Civ. P. 4(f) may be warranted.

obtained personal jurisdiction over Defendant Mar-Lau and, as such, an entry of default judgment would be inappropriate.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Rule 55 Motion for Default Judgment Against Defendant Mar-Lau Enterprises, Inc. d/b/a M.G.M.'s Restaurant & Lounge and Memorandum of Law in Support Thereof is DENIED WITHOUT PREJUDICE (ECF No. 19).

DATED this 22nd day of August 2023.

BY THE COURT:

________________________________
Charlotte N. Sweeney
United States District Judge